NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENÉ D. EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE D. HARTMAN *et al.*,<br><br>Defendants. | Civ. No. 19-22216<br><br>**OPINION** |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court upon the Motion to Appoint Pro Bono Counsel filed by Plaintiff René D. Edwards ("Plaintiff") (ECF No. 8), and the Motion to Dismiss filed by Defendants Mark A. Gulbranson, Katherine D. Hartman, and Attorneys Hartman, Chartered[1] (collectively, "Moving Defendants") (ECF No. 5). Defendants have not opposed the Motion to Appoint Pro Bono Counsel and Plaintiff has not opposed the Motion to Dismiss. The Court has decided the Motions based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 8) is denied, the Complaint is dismissed for failure to provide proper service of process, and Moving Defendants' Motion to Dismiss (ECF No. 5) is moot.

---

[1] Plaintiff refers to Defendant Attorneys Hartman, Chartered as the "Hartman Law Office" in the Complaint. (Defs.' Mot. at 1, ECF No. 5.)

**BACKGROUND**

I.      **Factual Background**

This case is brought under 18 U.S.C. §§ 241 and 242 and New Jersey law. (*See* Compl.

¶¶ 1–3, ECF No. 1.) Plaintiff's claims arise out of a 2013 lawsuit brought by Plaintiff. In that

lawsuit, Plaintiff alleged that state officials violated his constitutional rights when Plaintiff's

cellmate allegedly beat and raped him in South Woods State Prison in Bridgeton, New Jersey.

(*See* Summ. J. Op. at 1–3, Civ. No. 13-214, ECF No. 128.) Attorneys Hartman, Chartered

represented Plaintiff. (Notice of Appearance, Civ. No. 13-214, ECF No. 72.) Defendant Hon.

Noel L. Hillman ("Judge Hillman") presided over that case and ultimately entered judgment

against Plaintiff. (*See* Summ. J. Order at 1, Civ. No. 13-214, ECF No. 129.)

II.     **Procedural History**

Plaintiff filed the Complaint in the present case on December 31, 2019. (ECF No. 1.)

Plaintiff alleges three counts. Count 1 does not name a legal cause of action, but alleges that

Defendants Katherine D. Hartman and Attorneys Hartman, Chartered failed to participate in

Plaintiff's deposition in the 2013 case and did not inform him that the case was closed. (Compl. ¶

1.) Count 2 alleges professional negligence against Defendant Mark A. Gulbranson, one of

Plaintiff's former attorneys, for failing to prepare Plaintiff for his deposition, for being "sloppy,"

and for failing to notify Plaintiff that the case was closed. (*Id.* ¶ 2.) Count 3 claims that

Defendant Judge Hillman violated 18 U.S.C. §§ 241 and 242. (*Id.* ¶ 3.) Plaintiff alleges that

Defendant Judge Hillman "disrespected [Plaintiff]" because of his race, "forc[ed] two men in a

cell" knowing that Plaintiff would be raped and assaulted, provided combination locks to a

convicted criminal, and uttered discriminatory comments to Plaintiff. (*Id.*) Plaintiff also lists

"breach of fiduciary duty" and "emotional distress" claims on each page of the Complaint, but

2

does not provide factual bases for these claims. (*See id.* at 1–7.)[2] Plaintiff seeks $10 million from

each Defendant. (*Id.* at 6.)

On January 10, 2020, Moving Defendants filed a Motion to Dismiss. (ECF No. 5.) The

Motion seeks dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal

Rules of Civil Procedure and failure to state a claim under Rule 12(b)(6) of the Federal Rules of

Civil Procedure. (Defs.' Br. at 1–6, ECF No. 5-1.) On January 15, 2020, Plaintiff filed self-

executed returns of service and certified mail return receipts for Defendants Katherine D.

Hartman, Mark A. Gulbranson, and Judge Hillman. (ECF No. 6.) On February 6, 2020, Plaintiff

filed a Motion to Appoint Pro Bono Counsel. (ECF No. 8.)

In a Letter Order issued on April 3, 2020, the Court notified Plaintiff that he "ha[d] not

yet properly served Defendant Hon. Noel L. Hillman under Rule 4 of the Federal Rules of Civil

Procedure." (Letter Order at 1, ECF No. 10.) The Court ordered that "Plaintiff shall show, in

writing within thirty (30) days from the date of entry of this Order, that he properly and timely

served Defendant Hon. Noel L. Hillman or otherwise show good cause for failure to effect

proper service of process." (*Id.*) On April 20, 2020, Plaintiff filed a certified mail return receipt

and return of service to demonstrate that the Summons was mailed to Defendant Judge Hillman's

chambers. (Proof of Service at 7–8, ECF No. 11.)[3] Plaintiff did not submit proof that he served

the United States as required under Rule 4(i) of the Federal Rules of Civil Procedure. Plaintiff's

Motion to Appoint Pro Bono Counsel and Moving Defendants' Motion to Dismiss are presently

before the Court.

---

[2] The page numbers to which the Court refers are the CM/ECF page numbers.
[3] The page numbers to which the Court refers are the CM/ECF page numbers.

## LEGAL STANDARD

### I.       Motion to Appoint Pro Bono Counsel

Courts may appoint an attorney to represent a party who is unable to afford counsel. 28

U.S.C. § 1915(e)(1). Courts have discretion to appoint counsel; civil litigants have no

constitutional or statutory right to appointment of counsel. *Parham v. Johnson*, 126 F.3d 454,

457 (3d Cir. 1997). As a threshold matter, the court must determine whether a plaintiff's claim

has merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If the court

determines that the claim has merit, the court then considers

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of
> the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; [and]
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155–156, 157 n.5).

### II.      Serving the United States and its Officers and Employees

To serve a United States officer or employee sued solely in his or her official capacity, "a

party must serve the United States and also send a copy of the summons and of the complaint by

registered or certified mail to the . . . officer . . . or employee." Fed. R. Civ. P. 4(i)(2). "To serve

a United States officer or employee sued in an individual capacity for an act or omission

occurring in connection with duties performed on the United States' behalf . . . a party must

serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g) [of the

Federal Rules of Civil Procedure]." Fed. R. Civ. P. 4(i)(3). To serve the United States, a plaintiff

must:

> (A)      (i) deliver a copy of the summons and of the complaint to the United

4

States attorney for the district where the action is brought—or to an
assistant United States Attorney or clerical employee whom the United
States attorney designates in a writing filed with the court clerk—or
(ii) send a copy of each by registered or certified mail to the civil-process
clerk at the United States attorney's office;

(B)      send a copy of each by registered or certified mail to the Attorney General
of the United States at Washington, D.C.; and

(C)      if the action challenges an order of a nonparty agency or officer of the
United States, send a copy of each by registered or certified mail to the
agency or officer.

Fed. R. Civ. P. 4(i)(1); *see also Gish v. Attorney Gen. U.S.*, 604 F. App'x 119, 120 (3d Cir. 2015)

(detailing the requirements to serve the United States). Under Rule 4(m) of the Federal Rules of

Civil Procedure,

[i]f a defendant is not served within 90 days after the complaint is filed, the
court—on motion or on its own after notice to the plaintiff—must dismiss the
action without prejudice against that defendant or order that service be made
within a specified time. But if the plaintiff shows good cause for the failure, the
court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## **DISCUSSION**

### I.      **Motion to Appoint Pro Bono Counsel**

Plaintiff has not adequately demonstrated that the Court should appoint pro bono counsel

in this case. The only potential bases for appointment of counsel provided by Plaintiff are that

this litigation is "very complicated" and the fact that Plaintiff receives Social Security disability

benefits. (Mot. to Appoint Counsel at 1, ECF No. 8.) Even if the Court were to conclude that the

Complaint had sufficient merit at this stage of the case, Plaintiff has not submitted enough

information for the Court to apply the *Tabron* factors adequately. Therefore, Plaintiff's Motion

to Appoint Pro Bono Counsel (ECF No. 8) is denied.

## II.      Service on Defendant Judge Hillman

Plaintiff has not properly served Defendant Judge Hillman. Under Rule 4(i) of the

Federal Rules of Civil Procedure, regardless of whether a plaintiff sues a federal officer or

employee individually or in his or her official capacity, the plaintiff must also serve the United

States. Fed. R. Civ. P. 4(i)(2)–(3). On April 3, 2020, the Court directed Plaintiff to demonstrate

that he properly and timely served Defendant Judge Hillman, or otherwise show good cause for

failure to effect proper service of process. (Letter Order at 1.) On April 20, 2020, Plaintiff

resubmitted a certified mail return receipt and return of service. (Proof of Service at 7–8.) The

return receipt shows that Plaintiff mailed the Summons to Defendant Judge Hillman's chambers.

(*Id.*) It does not show that Plaintiff served the United States, nor does it show good cause for

failure to effect proper and timely service of process under Rule 4(i). *See Gish*, 604 F. App'x at

121 (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995)) (reasoning

in a case involving failure to serve under Rule 4(i) that "neither half-hearted efforts prior to the

deadline nor inadvertence . . . constitutes good cause").

Because ninety days have passed since Plaintiff filed the Complaint and Plaintiff has not

shown good cause for failure to serve Defendant Judge Hillman, the Court dismisses Count 3 of

the Complaint under Rule 4(m) of the Federal Rules of Civil Procedure.[4]

## III.     Remaining State Law Claims

Although it appears that this Court had federal-question jurisdiction over Count 3, which

averred that Defendant Noel L. Hillman violated 18 U.S.C. §§ 241 and 242 (Compl. ¶ 3), the

---

[4] Because the Moving Defendants did not seek dismissal based on insufficient service of process in its responsive Rule 12 motion, they waived their ability to do so. *See* Fed. R. Civ. P. 12(h)(1); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998).

remaining counts in the Complaint allege state law claims, (*see id.* ¶¶ 1–2 (alleging professional negligence)). When a court dismisses all claims over which it had original jurisdiction, the court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) (citing 28 U.S.C. § 1367(c)(3)). The Court declines to exercise supplemental jurisdiction over Counts 1 and 2. Therefore, the Complaint is dismissed in its entirety.

## IV.      Motion to Dismiss

Moving Defendants' Motion is not based on Plaintiff's failure to serve; it is based on lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and Plaintiff's failure to state a claim under Rule 12(b)(6). (Defs.' Br. at 1–6.) Because the Court has dismissed the Complaint on other grounds, Moving Defendants' Motion to Dismiss (ECF No. 5) is moot.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 8) is denied, the Complaint is dismissed, and Moving Defendants' Motion to Dismiss (ECF No. 5) is moot. An appropriate Order will follow.

Date: <u>August 12, 2020</u>                                  */s/ Anne E. Thompson*
                                                    ANNE E. THOMPSON, U.S.D.J.